UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| ARNOLD GEORGE DONLEY, # 307448, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-1034 |
| ) | |
| v. ) | Honorable Wendell A. Miles |
| ) | |
| MARY BERGHUIS, et al., ) | |
| ) | **ORDER** |
| Defendants. ) | |
| _____) | |

By opinion and order entered December 11, 2007, this court dismissed the captioned case for failure to state a claim upon which relief can be granted. The court found that plaintiff's challenge to the validity of his conviction must be brought by habeas corpus petition and not by a civil rights complaint. The court further found that any request for injunctive or monetary relief is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has now filed a motion "Requesting Re-Review on Opinion and Judgment." (docket # 8). The motion is dated December 27, 2007, which is ten days after the entry of judgment, excluding weekends and public holidays. The court will therefore consider plaintiff's *pro se* motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).

Plaintiff's motion to alter or amend judgment is not meritorious. Plaintiff protests that he intended his case to be a "instant action appeal" rather than a civil suit and that the court misinterpreted the nature of his claim. There is no such thing as an "instant action appeal." The only recognized way for plaintiff to attack the validity of his state conviction is by petition for

habeas corpus relief, after exhaustion of all remedies. Plaintiff remains free to pursue an appropriate habeas corpus action, if he can meet the exhaustion requirement, one-year statute of limitations, and other requirements germane to such a claim. The present case, however, is clearly, inappropriate, and plaintiff is not entitled to relief under Rule 59(e). Accordingly:

IT IS ORDERED that plaintiff's motion for review of opinion and judgment (docket # 8), construed as a motion to alter or amend judgment under Rule 59(e), be and hereby is DENIED.

Dated:  January 4, 2008                                        /s/ Wendell A. Miles
                                                               Wendell A. Miles
                                                               Senior District Judge